# MATSUMOTO, J.

**ORIGINAL**

**BLOOM, M.J.**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 13 2019   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_CHRISTOPHER PEYTON MAY-SHAW_

_____

_____

Plaintiff,

[Insert full name of plaintiff/prisoner]

## CV 19-3416

### CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983

JURY DEMAND

YES ✓      NO _____

-against-

_THE CITY OF NEW YORK, POLICE_
_OFFICER MATTHEW KANCLER, Shield #24243;_
_POLICE OFFICER ANTHONY BLUM, Shield #20360;_
_and JOHN DOE's 1-6,_
_individually and in their official_
_Capacities_

Defendant(s).

[Insert full name(s) of defendant(s). If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants. The
names listed above must be identical to those listed in Part I]

RECEIVED
JUN 13 2019
PRO SE OFFICE

I.   **Parties:** (In item A below, place your name in the first blank and provide your present
address and telephone number. Do the same for additional plaintiffs, if any.)

A.   Name of plaintiff _Christopher May-Shaw_

If you are incarcerated, provide the name of the facility and address:

_FCI - MILAN   PO BOX 1000   Milan, Michigan_
_48160_

_____

Prisoner ID Number: _11506-040_

If you are not incarcerated, provide your current address:

_____

_____

_____

Telephone Number: _____

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

_The City of New York_
Full Name

_Municipal Corporation_
Job Title

_____

_____
Address

Defendant No. 2

_Matthew Kancler, Shield No. 24243_
Full Name

_Police Officer, 67th Precinct_
Job Title

_2820 Snyder Ave_
_Brooklyn, New York_
Address

Defendant No. 3

_Anthony Blum, Shield No. 20360_
Full Name

_Police Officer, 67th Precinct_
Job Title

_2820 Snyder Ave._

*Brooklyn, New York*
Address

Defendant No. 4

*John Doe's 1-6, Shield No. UNKnown*
Full Name

*Police Officer's, 67th Precinct*
Job Title

*2820 Snyder Ave.*
*Brooklyn, New York*
Address

Defendant No. 5

_____
Full Name

_____
Job Title

_____

_____
Address

II.   **Statement of Claim:**

(State briefly and concisely, the <u>facts</u> of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need <u>not</u> give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur?  *Outside of the*
*Holiday Inn Express Hotel  300 Schermerhorn Street,*
*Brooklyn, New York*

When did the events happen? (include approximate time and date)  *Approximately*
*3:20 pm ON August 10, 2016*

Facts: (what happened?) _Plaintiff was exiting Holiday Inn when several police officers jumped out of under-cover vehicles and stopped plaintiff._

_See Also Attached Complaint_

II.A.   Injuries.      If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

_loss of liberty and property, emotional distress, pain and suffering, fear, mental anguish, humiliation, invasion of privacy, psychological pain, and embarrassment_

III.   **Relief:** State what relief you are seeking if you prevail on your complaint.

_(a) Compensatory damages ; (b) punitive damages ; (c) reimbursement of $ 11,491.00_

I declare under penalty of perjury that on _June 7, 2019_ , I delivered this
(date)

complaint to prison authorities at _FCI Milan_ to be mailed to the United
(name of prison)

States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _June 7, 2019_

_Christopher May-Shaw_
Signature of Plaintiff

_FCI-MILAN_
Name of Prison Facility or Address if not incarcerated

_PO Box 1000_

_Milan, Michigan_
_48160_

Address

_11506-040_
Prisoner ID#

rev. 12/1/2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK _____ X

CHRISTOPHER MAY-SHAW,
                        Plaintiff,


        -against-                              COMPLAINT


CITY OF NEW YORK; Police Officer              Jury Trial Demanded
MATTHEW KANCLER, Sheild No. 24243;
Police Officer ANTHONY BLUM, Sheild
NO.20360; and JOHN DOE's 1-6,
individually and in their official Capacities,
                        Defendants. _____ X


## NATURE OF ACTION

1.   This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.


## JURISDICTION AND VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of

the Administrative Code of the City of New York.

3.   The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.   Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 (b) and (c).

5.   This Court has supplemental jurisdiction over the New York City claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.   Plaintiff demands a trial by Jury in this action.

<u>PARTIES</u>

7.   Plaintiff Christopher May-Shaw is a resident of Michigan. (Hereinafter "PLAINTIFF")

8.   Defendant City of New York is a municipal Corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for

-2-

the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Matthew Kancler, Sheild No. 24243, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kancler is sued in his individual and official capacities. (Hereinafter "DEFENDANTS)

10. Defendant Police Officer Anthony Blum, Sheild No. 20360, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Blum is sued in his individual and official capacities. (Hereinafter "Defendants")

11. At all times relevant defendants John Doe's 1 through 6 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and sheild numbers of John Doe defendants 1 through 6. (Hereinafter "Defendants")

12. At all relevant times herein, defendants John Doe's 1 through 6 were acting as agents, servants and employees of the City of New York and the NYPD. All John Doe defendants are sued in their individual and official capacities.

-3-

13.   At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.   At approximately 3:20 pm on August 10, 2016 Plaintiff was accompanied by a female companion while lawfully exiting The Holiday Inn Express Hotel, located at 300 Schermerhorn Street, downtown, Brooklyn New York.

15.   Upon exiting the above described location, Plaintiff and companion Patricia Morris began walking East up Schermerhorn Street. About five yards away from the main entrance/exit of the hotel, I informed Ms. Morris to unlock her rental car so I could retrieve my I.D. out of the vehicle. The rental car was parked directly in front of the hotel.

16.   Once Plaintiff recieved his I.D., both individuals began, again, walking east up Schermerhorn Street. After walking 25-30 yards up the sidewalk, Plaintiff noticed a black 4-door tinted vehicle, sitting on the same side closest to the sidewalk where he was walking. Almost immediately, Plaintiff Knew the 3 to four individuals inside the car were police officer's.

-4-

17.   As Plaintiff and Ms. Morris walked past the vehicle, 3 to 4 male officer's jumped out of that vehicle and told us to stop. Once we stopped, several other vehicles pulled up and other officer's approached as well.

18.  Once Plaintiff and Ms. Morris was stopped on the side walk, officer's/Defendants began to search and pat down both subjects.

19.  Upon the search, no contraband was recovered from Plaintiff.

20.  While Plaintiff was being searched, Plaintiff observed, who he believes to be Defendant "Blum" or Kancler search Ms. Morris' purse and remove her rental car keys. Subsequently, Plaintiff and Ms. Morris was placed in handcuffs and seated in separate undercover vehicles.

21.  Plaintiff asked why he was being detained and the John Doe Defendant stated, "You have a bail source warrant".

22.  While sitting in the undercover vehicle one John Doe Defendant stood outside the vehicles back door

attempting to block Plaintiff's    view from observing
what was going on. Plaintiff still observed Defendant
Kancler or Blum go in the direction of Ms. Morris' rental
Car, with the key in his hand.

23.   While sitting in the undercover vehicle, Defend-
ants illegally searched the parked rental vehicle. Defend-
ant Blum or Kancler subsequently drove that rental
vehicle back to the 67th Precinct Station House.
Plaintiff and Ms. Morris was also brought back to the
precinct.

24.   At the precinct, Plaintiff was subject to another
search, and again, nothing illegal was discovered.

25.   Subsequent to being finger printed, Plaintiff was
brought upstairs to an interrogation room, where Defendants
Blum, Kancler, and a hispanic/mexican (John Doe) Defendant
stated that the search of the vehicle revealed narcotics.
Also during the interrogation, Plaintiff was coerced to
Sign a statement claiming the narcotics,    for an exchange
and promise that the Defendants would let Ms. Morris
go free.

-6-

26.    After Plaintiff signed a statement, Defendants also retained a consent to search the hotel room. Consent was never given to Defendants to search the vehicle.

27.    Once Defendants returned from searching the hotel room, Plaintiff was advised that he would be charged with felony drug charges, and Ms. Morris would be charged with misdemeanor drug charges.

28.    Defendants falsely informed employees of the Kings County District Attorney's Office that they observed Plaintiff exit the Hotel holding a backpack, that Plaintiff placed in the rental after making eye contact with Defendants sitting in the black 4-door tinted undercover vehicle.

29.    Defendants falsely informed the District Attorney's Office that Plaintiff was holding the backpack then placed such backpack inside the rental vehicle after a bizar story of making eye contact with Defendants to justify the illegal search of the rental vehicle.

30.    In reality, Defendants never observed Plaintiff exit the hotel holding the bag or anything. Defendants fabricated that story to create probable cause.

-7-

31.    In the defendants efforts to initiate criminal proceedings against Plaintiff, the defendants fabricated a variety of evidence, including an arrest report and property vouchers. Defendants also fabricated a story that on the day of the incident, defendants obtained video from the Holiday Inn claiming Plaintiff was on that video exiting the hotel holding the alleged bag that Defendants claimed Plaintiff placed in the rental vehicle.

32. Assistant District Attorney Tara Sheppard even mentioned during the criminal proceedings that she had a copy of the video. However, ADA Sheppard never turned over such evidence. This evidence never existed.

33. Based on all the false and fabricated evidence and testimony, Plaintiff was indicted and prosecuted until March 16, 2017 where he remained in Rikers Island. All of the criminal charges were dismissed in their entirety, in Plaintiff's favor.

34. Based on Defendants above described actions, Plaintiff suffered damages as a result. Plaintiff was deprived of liberty, property, suffered emotional distress, mental anguish, fear, pain, anxiety, psychological pain, embarrassment and humiliation.

35.   At the time of the arrest Defendant's seized Approximately $11,491.00 in U.S. Currency. After the case was dismissed March 16, 2017, Defendants began "Secretly" communicating with Michigan authorities to not return the U.S. Currency.

36.   Without a warrant the City of New York, it's Servants/officer's held the above described currency for approximately 7-Months giving such funds to Michigan authorities in October of 2017 after finally securing a warrant.

37.   The U.S. Currency in question above was ordered to be released, via "property release" by the District Attorney's office. Jingu Chong also emailed Cassandra Allen, Property Clerk supervisor, advising her that "Plaintiff's mother would be at the Property Release Unit today, ... please issue a KCDA release as to the personal property that was recovered as a result of the dismissed Indictment number 6580/16."

38.   The property/U.S. Currency was never released, and Property Supervisor Cassandra Allen made every attempt made by Plaintiff's Mother impossible to

gain the U.S. Currency by purposely providing wrong voucher numbers and incorrect documents, even after Kings County District Attorney's office (Jingu Chong) had ordered the property to be released.

## FIRST CLAIM
### UNLAWFUL STOP and SEARCH

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they stopped and search Plaintiff while lawfully on the public sidewalk without reasonable suspicion or probable cause.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### FALSE ARREST and IMPRISONMENT

42. Plaintiff repeats and realleges each and every allegation as if fully sets forth herein.

-10-

43. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without Probable Cause.

44. As a direct and proximate result of this unlawful Conduct, plaintiff Sustained the damages herein before realleged.

### THIRD CLAIM
### FEDERAL MALICIOUS PROSECUTION

45. Plaintiff repeats and realleges each and every allegation as it fully sets forth herein.

46. By their Conduct, as described herein, and acting under Color of State law, defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation of his Constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his Constitutional rights.

-11-

The prosecution by Defendants of Plaintiff constituted malicious prosecution and that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

48.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

<u>FOURTH CLAIM</u>
STATE LAW MALICIOUS PROSECUTION

49.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.    By their conduct, as described herein, defendants are reliable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

51.    Defendants maliciously commenced criminal proceedings against plaintiff, charging him with several counts of criminal possession of a controlled substance, criminal possession of a forged instrument, and unlawful possession of marijuana. Defendants falsely and without probable cause charged Plaintiff with violations of the laws of the State of New York.

-12-

52.   The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

53.   All charges were terminated in plaintiff's favor.

54.   Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrong doing under the doctrine of respondeat superior.

55.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## FIFTH CLAIM
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

56.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.   The individual defendants created false evidence against plaintiff.

58.   The individual defendants forwarded false evidence

to prosecutors in the Kings County District Attorney's Office.

59.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

60.   As a direct and proximate result of the unlawful conduct, plaintiff sustained the damages herein before alleged.

## SIXTH CLAIM
### DEPRIVATION OF PROPERTY IN VIOLATION OF DUE PROCESS

61.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.   Defandant City of New York, through the NYPD, its servants, officers and property clerks deprived plaintiff of his property interest in the U.S. currency in the amount of $11,491.00.

63.   Defendants held Plaintiff's currency without a warrant or cause to withhold after the District

Attorney's office issued a "PROPERTY RELEASE" subsequent to the Criminal Charges being dismissed in Plaintiff's favor.

64. Defendant City of New York, through its servants secretly communicated with Michigan authorities to not return plaintiff's Currency, without a warrant or NOTICE provided to plaintiff.

65. Defendants' unlawful actions were done willfully, knowingly, with malice and intent to deprive plaintiff of his property. This action was taken because Plaintiff successfully beat the criminal charges against him.

66. Defendants' failure to return the U.S. currency and provide plaintiff with NOTICE and allow Plaintiff an opportunity to Contest, defendants violated Plaintiff's Due Process, Fifth and Fourteenth Amendments of the United States Constitution.

67. As a direct and proximate result of the unlawful Conduct, plaintiff sustained the damages herein before alleged.

## SEVENTH CLAIM

### MALICIOUS ABUSE OF PROCESS

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     The individual defendants issued legal process to place plaintiff under arrest.

70.     The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain over time, meet arrest quotas and/or advance their careers.

71.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

72.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## EIGHTH CLAIM

### NEGLIGENCE; NEGLIGENT HIRING/TRAINING/RETENTION

73.     Plaintiff repeats and realleges each and every allega-

-16-

tion as if fully set forth herein.

74.   Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

75.   Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

76.   Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

77.   Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

78.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## NINTH CLAIM

### INTENTIONAL & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79.    Plaintiff repeats and realleges each and every allegation as if set forth herein.

80.    By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute negligent and intentional infliction of emotional distress upon Plaintiff

81.    The negligent and intentional of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

82.    Defendants, their officers, agents, servants, and employees were responsible for the negligent and intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of respondeat superior.

83.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## TENTH CLAIM
### FAILURE TO INTERVENE

84.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

86.   Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments. As a direct and proximate result of this unlawful conduct, Plaintiff sustained damages.

## ELEVENTH CLAIM
### MONELL; SUPERVISORY LIABILITY

87.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88.   Defendant City, through the NYPD and its officers, has a policy and/or practice of fabricating evidence for the purposes of obtaining overtime pay, meeting arrest quotas and advancing their career prospects of police officers and detectives.

-19-

89.   As part of this policy and/or practice, City employees routinely - as in this case falsify and fabricate the recovery of Contraband from criminal suspects and falsely attributed criminal Conduct to individuals.

90.   This policy and practice was a moving force behind Plaintiff's injuries in this case.

91.   In addition, the supervisors of defendants Kancler and Blum are liable for failing to appropriately oversee and audit their conduct with respect to illegally searching vehicles, and the making of false official statements.

92.   The John Doe supervisors knew or should have known that defendant Kancler and Blum's Conduct threatened the Constitutional rights of citizens and Plaintiff, but recklessly failed to act

93.   As a direct and proximate result of this unlawful Conduct, Plaintiff sustained damages herein before alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants jointly & severally;

(b) Punitive damages against individual defendants, jointly and severally;

(c) an ORDER to reimburse $11,491.00 that was ordered to be released by District Attorney's office;

(d) further relief that this Court deems just and proper.

/s/ *Christopher May-Shaw*

## CERTIFICATE OF SERVICE

I, Christopher May-Shaw, Plaintiff, hereby certifies that I have forwarded the original and (2) two copies of this §1983 Complaint to: U.S. District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

Date: June 7, 2019

/s/ *Christopher May-Shaw*
CHRISTOPHER MAY-SHAW
REG. NO. 11506-040
FCI-MILAN
PO BOX 1000
Milan, MI 48160